IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-04019-SRB-01 |
| ) | |
| ROBERT L. TRUESDALE, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Defendant Robert L. Truesdale's *pro se* motion for reconsideration of Order denying his motion for early termination of supervised release. (Doc. #23.) As set forth below, the motion is DENIED.

In an Order dated July 28, 2020, the Court denied Defendant's *pro se* motion for early termination of supervised release. (Doc. #22.) In part, the Order explained that "[t]he record shows that Defendant has failed to maintain adequate employment over the last three years, and that Defendant is currently unemployed. The Court commends Defendant for not incurring additional violations of his supervised release, but finds that continued supervision is in the best interest of Defendant and in the best interest of justice." (Doc. #22, p. 2.)

In his motion for reconsideration, Defendant contends that early termination is warranted because he paid his restitution and because he has maintained employment. The Government's brief opposing Defendant's initial motion noted that Defendant's girlfriend paid his restitution obligation, but also contended that Defendant "has failed to maintain adequate employment over the last three years and is currently unemployed." (Doc. #21, p. 2.)

Upon review of the record, the Court declines to disturb its prior Order. Even though Defendant's restitution has been satisfied, and irrespective of his employment status, the Court again finds that continued supervision is in the best interest of Defendant and in the best interest of justice. Moreover, and contrary to Defendant's arguments, he is not entitled to early termination even assuming he has complied with all terms of his supervised release. *See United States v. Weintraub*, 371 F. Supp. 2d 164, 166-67 (D. Conn. 2005) ("[M]odel prison conduct and full compliance with the terms of supervised release is what is expected of defendant and all others serving terms of imprisonment and supervised release and does not warrant early termination.") (quotations and alterations omitted).

Accordingly, Defendant's *pro se* motion for reconsideration of Order denying his motion for early termination of supervised release (Doc. #23) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2020